**Tim Eblen, Oregon Bar No. 050252**
Trial Attorney for Plaintiff
Eblen Freed PC
1040 NE 44th Avenue, Suite 4
Portland, Oregon 97213
tim@eblenfreed.com
Phone 503-548-6330
Fax 503-548-6333
**Michelle Freed, Oregon Bar No. 042880**
Of Attorneys for Plaintiff
Eblen Freed PC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **EDGAR KING**, an individual consumer; and **CAROLYN KING**, an individual consumer, | Case No. 6:18-cv-02203 |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF THE FEDERAL DEBT COLLECTION PRACTICES ACT, AND VIOLATION OF OREGON'S UNLAWFUL TRADE PRACTICES ACT** |
| v. | |
| **VIAL FOTHERINGHAM LLP, a domestic limited liability partnership,** | **15 U.S.C. § 1692** *et seq.***, and ORS 646.605** *et seq.* |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## <u>JURISDICTION AND THE PARTIES</u>

The United States District Court for the District of Oregon has jurisdiction of this action

pursuant to 28 USC §§ 1331.

///

///

**COMPLAINT** - Page 1

1.

Plaintiff Edgar King (Mr. King) is a natural person residing in Deschutes County, Oregon.

2.

Plaintiff Carolyn King (Ms. King) is a natural person residing in Deschutes County, Oregon.

3.

Defendant Vial Fotheringham LLP (VF) is an Oregon limited liability partnership, with its principal place of business in Clackamas County, and it regularly does business in Deschutes County.

4.

The venue and division of this Honorable Court are proper because the majority of the Defendants acts and omissions that form the basis of Plaintiff's claims originated in Deschutes County, Oregon.

**FACTUAL HISTORY**

5.

In 2006, Plaintiffs purchased a home located at 60990 SNOWBRUSH DR BEND, OR 97702-3152, as their principal residence, and at that time agreed to become a member of the River Canyon Estates Homeowners' Association, Inc. (HOA)

6.

In about 2016, Plaintiffs were unable to pay the monthly HOA dues, and they fell behind. They tried to address the past due amount, and became increasingly confused by the fees and charges that were added on to the amount claimed to be due and owing.

**COMPLAINT** - Page 2

7.

In May, 2017, VF commenced a civil lawsuit (Lawsuit), Deschutes Circuit Court Case No. 17CV19783, against the Plaintiffs on behalf of the HOA, alleging amounts due and owing for unpaid assessments.

8.

In the Lawsuit, VF alleged on behalf of the HOA, that the HOA had a right to its reasonable attorney fees.

9.

The HOA's Resolution concerning Collection of Unpaid Charges provides that Plaintiffs are responsible for reasonable attorney fees incurred in getting past due amounts paid.

10.

In June, 2017, Mr. King filed an Answer in the Lawsuit, disputing the amount claimed to be due and owing.

11.

In September, 2017, VF filed a motion seeking an order of default and judgment against Ms. King.

12.

On September 21, 2017, a limited default judgment (Limited Judgment) was entered against Ms. King, in the amount of $3,714.37, including attorney fees in the amount of $1,063.78, with post judgment interest accruing on the total balance at the rate of twelve (12) percent per annum.

///

**COMPLAINT** - Page 3

13.

VF prosecuted the HOA's claims against Mr. King through court annexed arbitration, and on about November 27, 2017, the arbitrator ruled in favor of the HOA, and filed an arbitration award (Award) in Deschutes Circuit Court.

14.

The Arbitrator expressly found that VF's request for attorney fees was "excessive."

15.

The Award was in the amount of $6,981.02, including $4,045.00 in attorney fees, with post judgment interest accruing on the total balance at the rate of nine (9) percent per annum.

16.

The Award was never entered as a judgment with the court.

17.

On or about December 21, 2018, VF issued multiple writs of garnishment against the Plaintiffs in an attempt to collect the monies due and owing, despite the fact that there was no judgment entered against Mr. King yet.

18.

As a result of those writs of garnishment, VF caused $11,326.89 of the Plaintiffs' money to be seized by their bank.

19.

Mr. King promptly objected to the garnishments, and tried to work with VF to determine how much money was legitimately seized, and how much money should be returned to Plaintiffs.

///

///

**COMPLAINT** - Page 4

20.

VF returned some funds that were seized, but to date it retains more of that money seized than it had the lawful right to seize.

21.

On February 10, 2018, VF filed a satisfaction of judgment in the Lawsuit as to one of the Defendants.

22.

Plaintiffs' confusion continued into 2018, as Mr. King attempted to get VF to address the fact that they wrongfully garnished more money than they had a legal right to do on the eve of Christmas 2017, causing undue hardship.  Plaintiffs were told they could not communicate with the HOA directly since they had a past due balance due and owing, including significant attorney fees again, and so all communications had to be directly with VF.

23.

Throughout 2018, Mr. King communicated with VF, trying to work with it to clarify and resolve the situation, so that Plaintiffs' account with their HOA could be current.

24.

Based on Plaintiffs' understanding and belief, each time they tried to communicate with VF they were charged more fees and essentially told to pay, lest the debt continue to climb.

25.

On August 24, 2018, VF sent a letter to Plaintiffs stating they owed $1,623.32.  This amount included an alleged $592.32 owed to the HOA, and $1,031 owed in attorney fees.

///

///

**COMPLAINT** - Page 5

26.

19 days later, on September 12, 2018, VF sent an email to Mr. King stating Plaintiffs owed $2,306.22.  This amount included the same $592.32 owed to the HOA, and attorney fees increased to $1,713.90.

## ALLEGATIONS OF UNLAWFUL DEBT COLLECTION

27.

Plaintiffs each are a "consumer" as defined by the FDCPA 15 USC § 1692a(3) because they each are a natural person allegedly obligated to pay a debt to the HOA.

28.

Plaintiffs' obligation to pay the HOA and VF is a "debt" as defined by the FDCPA 15 USC § 1692a(5) because it arises out of an obligation to pay money arising out of a transaction that is primarily for Plaintiffs' personal, family, or household purposes.

29.

VF is a "debt collector" as defined by the FDCPA 15 USC § 1692a(6) as it regularly represents to individuals that it is attempting to collect a debt on behalf of another, it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and it regularly communicates with consumers regarding defaulted debt, which communications include use of the United States mail system.

## CAUSES OF ACTION

## CLAIM ONE

## UNLAWFUL DEBT COLLECTION

## (15 USC §1692f)

30.

**COMPLAINT** - Page 6

VF violated the FDCPA (15 USC §1692f) by engaging in unfair or unconscionable debt collection practices, in one or more of the following ways:

a. By issuing writs of garnishments against Mr. King based on the Award, and seizing the assets of Mr. King, when there was no judgment entered in the circuit court giving the HOA the right to do so.

b. By overcharging attorney fees to the Plaintiffs when VF knew or should have known that (1) Plaintiffs had to pay those attorney fees if they want to avoid additional attorney fee charges and avoid litigation, (2) unless the matter is litigated the amount of attorney fees charged to Plaintiffs would not be reviewed by any court, and (3) the amount of attorney fees it was charging the Plaintiffs was unreasonably high.

c. By collecting the attorney fees awarded in both the Limited Judgment and the Award, without giving due credit to the Plaintiffs, causing VF to effectively double the fees earned for legal work performed from about December 2016 through July 2017.

## CLAIM TWO

## UNLAWFUL DEBT COLLECTION

## (15 USC §1692e)

31.

VF violated the FDCPA (15 USC §1692fe) by making false, deceptive, or misleading representations in connection with the collection of the alleged debt in one or more of the following ways:

a. By communicating to Plaintiffs that VF had the right to issue writs of garnishment against Mr. King's assets, despite the fact that it did not because the Award had not been reduced to a judgment yet.

**COMPLAINT** - Page 7

b.  By representing to the Plaintiffs that the attorney fees VF was charging to the Plaintiffs are

reasonable attorney fees when VF knew or should have known that if Plaintiffs did litigate

the issue of the reasonableness of the attorney fees charged, it was more likely than not that

a judge would find the fees charged excessive and reduce them.

### CLAIM THREE

### UNLAWFUL DEBT COLLECTION

### (15 USC §1692d)

32.

VF violated the FDCPA (15 USC §1692d) by engaging in conduct the natural

consequence of which is to harass, oppress, or abuse in connection with the collection of the

alleged debt in one or more of the following ways:

a.  By issuing writs of garnishments against Mr. King based on the Award, and seizing the

assets of Mr. King, when there was no judgment entered in the circuit court giving the HOA

the right to do so.

b.  By overcharging attorney fees to the Plaintiffs when VF knew or should have known that (1)

Plaintiffs had to pay those attorney fees if they want to avoid additional attorney fee charges

and avoid litigation, (2) unless the matter is litigated the amount of attorney fees charged to

Plaintiffs would not be reviewed by any court, and (3) the amount of attorney fees it was

charging the Plaintiffs was unreasonably high.

c.  By collecting the attorney fees awarded in both the Limited Judgment and the Award,

without giving due credit to the Plaintiffs, causing VF to effectively double the fees earned

for legal work performed from about December 2016 through July 2017.

///

**COMPLAINT** - Page 8

## FAIR COMPENSATION

33.

VF's violations of the FDCPA have caused Ms. King actual damages including, but not limited to, stress, embarrassment, anxiety, damage to reputation, invasion of privacy, aggravation of her depression and anxiety, the inability to visit her son during the 2017 holidays, economic damages, and/or other damages consistent with the impact of unfair debt collection in an amount to be determined by a jury, but not to exceed $100,000. Ms. King has a right to recover these damages pursuant to 15 USC § 1692k(a)(1).

34.

VF's violations of the FDCPA have caused Mr. King actual damages including, but not limited to, stress, embarrassment, anxiety, depression, damage to reputation, invasion of privacy, the inability to visit his son during the 2017 holidays, economic damages, and/or other damages consistent with the impact of unfair debt collection in an amount to be determined by a jury, but not to exceed $50,000. Mr. King has a right to recover these damages pursuant to 15 USC § 1692k(a)(1).

35.

Plaintiffs have a right to recover additional statutory damages pursuant to 15 USC § 1692k(a)(2).

36.

Plaintiffs have a right to recover their costs and reasonable attorney fees incurred in bringing the FDCPA claim, pursuant to 15 USC § 1692k(a)(3).

///

///

**COMPLAINT** - Page 9

## <u>ALLEGATIONS OF UNLAWFUL TRADE PRACTICES</u>

37.

VF is a "person" as defined by ORS 646.605(4) because it is a legal entity and a limited liability partnership.

38.

The goods and services provided by the HOA were purchased by Plaintiffs primarily for personal, family or household purposes as defined by ORS 646.605(6)(a).

39.

VF's actions, including the actions of its agents and employees, at all relevant times herein, were done in the course of its business, vocation or occupation.

40.

VF's actions, including the actions of its agents and employees, at all relevant times herein, were willful as defined by ORS 646.605(10) in that they knew or should have known that their conduct was a violation of Oregon's Unlawful Trade Practices Act (UTPA).

## CLAIM FOUR

## UNLAWFUL TRADE PRACTICES ACT

## (ORS 646.608(1)(b))

41.

VF violated the UTPA (ORS 646.608(1)(b)) by acting willfully and causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of real estate, goods or services, in one or more of the following ways:

**COMPLAINT** - Page 10

a.  By charging the amount of attorney fees that it did to the Plaintiffs, when VF knew or should have known that the amount of attorney fees it was charging the Plaintiffs was unreasonably high.

b.  By overcharging attorney fees to the Plaintiffs when VF knew or should have known that (1) Plaintiffs had to pay those attorney fees if they want to avoid additional attorney fee charges and avoid litigation, (2) unless the matter is litigated the amount of attorney fees charged to Plaintiffs would not be reviewed by any court, and (3) the amount of attorney fees it was charging the Plaintiffs was unreasonably high.

c.  By issuing writs of garnishments against Mr. King based on the Award, and seizing the assets of Mr. King, when there was no judgment entered in the circuit court giving the HOA the right to do so.

d.  By representing to Plaintiffs that it had the right to issue writs of garnishment against Mr. King based on the Award, when there was no judgment entered in the circuit court giving the HOA the right to do so.

e.  By collecting the attorney fees awarded in both the Limited Judgment and the Award, without giving due credit to the Plaintiffs, causing VF to effectively double the fees earned for legal work performed from about December 2016 through July 2017.

f.  By representing to Plaintiffs that it had the right to collect the attorney fees awarded in both the Limited Judgment and the Award, without giving due credit to the Plaintiffs, causing VF to effectively double the fees earned for legal work performed from about December 2016 through July 2017.

///

///

**COMPLAINT** - Page 11

## CLAIM FIVE

## UNLAWFUL TRADE PRACTICES ACT

## (ORS 646.608(1)(k))

42.

VF violated the UTPA (ORS 646.608(1)(k)) by acting willfully and making false or misleading representations concerning the nature of the transaction or obligation incurred by the Plaintiffs, in one or more of the following ways:

a.  By charging the amount of attorney fees that it did to the Plaintiffs, when VF knew or should have known that the amount of attorney fees it was charging the Plaintiffs was unreasonably high.

b.  By overcharging attorney fees to the Plaintiffs when VF knew or should have known that (1) Plaintiffs had to pay those attorney fees if they want to avoid additional attorney fee charges and avoid litigation, (2) unless the matter is litigated the amount of attorney fees charged to Plaintiffs would not be reviewed by any court, and (3) the amount of attorney fees it was charging the Plaintiffs was unreasonably high.

c.  By issuing writs of garnishments against Mr. King based on the Award, and seizing the assets of Mr. King, when there was no judgment entered in the circuit court giving the HOA the right to do so.

d.  By representing to Plaintiffs that it had the right to issue writs of garnishment against Mr. King based on the Award, when there was no judgment entered in the circuit court giving the HOA the right to do so.

e.  By collecting the attorney fees awarded in both the Limited Judgment and the Award, without giving due credit to the Plaintiffs, causing VF to effectively double the fees earned for legal work performed from about December 2016 through July 2017.

f.  By representing to Plaintiffs that it had the right to collect the attorney fees awarded in both the Limited Judgment and the Award, without giving due credit to the Plaintiffs, causing VF to effectively double the fees earned for legal work performed from about December 2016 through July 2017.

**CLAIM SIX**

**UNLAWFUL TRADE PRACTICES ACT**

**(ORS 646.608(1)(e))**

43.

VF violated the UTPA (ORS 646.608(1)(e)) by acting willfully and representing that real estate, goods or services have characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have, in one or more of the following ways:

a.  By representing that it was charging reasonable attorney fees, and charging the amount of attorney fees that it did to the Plaintiffs, when VF knew or should have known that the amount of attorney fees it was charging the Plaintiffs was unreasonably high.

b.  By overcharging attorney fees to the Plaintiffs when VF knew or should have known that (1) Plaintiffs had to pay those attorney fees if they want to avoid additional attorney fee charges and avoid litigation, (2) unless the matter is litigated the amount of attorney fees charged to Plaintiffs would not be reviewed by any court, and (3) the amount of attorney fees it was charging the Plaintiffs was unreasonably high.

c.  By representing to Plaintiffs that it had the right to issue writs of garnishment against Mr. King based on the Award, when there was no judgment entered in the circuit court giving the HOA the right to do so.

d.  By representing to Plaintiffs that it had the right to collect the attorney fees awarded in both the Limited Judgment and the Award, without giving due credit to the Plaintiffs, causing VF to effectively double the fees earned for legal work performed from about December 2016 through July 2017.

## FAIR COMPENSATION

### 44.

As a direct result of VF actions, Plaintiffs have incurred actual damages, including the lost use of money when Mr. King was wrongfully garnished, in an amount to be determined at trial but not to exceed $25,000.  Alternatively, Plaintiffs are each entitled to statutory damages in the amount of $200, pursuant to ORS 646.638(1).

### 45.

Plaintiffs are entitled to an award for their reasonable attorney fees and costs, pursuant to ORS 646.638(3).

### 46.

VF's actions, as set forth herein, were done with malice or a reckless indifference to the harm it caused to Plaintiffs, and, as such, an award of punitive damages is warranted.

**WHEREFORE**, Plaintiffs seek an order and judgment against the Defendant as follows:

For Plaintiffs' claims 1 through 3:

1.  For a judgment against the Defendant in favor of Mr. King in the amount of $50,000;

**COMPLAINT** - Page 14

2. For a judgment against the Defendant in favor of Ms. King in the amount of $100,000;

3. An award for statutory damages to each Plaintiff;

4. An award for Plaintiffs' costs and attorney fees; and

5. For any other relief this Honorable Court deems just and proper.

For Plaintiffs' claims 4-6:

1. For a judgment against the Defendant in favor of Plaintiffs in the amount of $25,000;

2. An award for statutory damages to each Plaintiff;

3. An award against the Defendant for punitive damages in an amount to be determined by a jury;

4. An award for Plaintiffs' costs and attorney fees; and

5. For any other relief this Honorable Court deems just and proper.

DATED: December 20, 2018

RESPECTFULLY FILED,

/s/ Tim Eblen
**Tim Eblen, Oregon Bar No. 050252**
Trial Attorney for Plaintiff
Eblen Freed PC
1040 NE 44th Avenue, Suite 4
Portland, Oregon 97204
tim@eblenfreed.com
Phone 503-548-6330
Fax 503-548-6333

**COMPLAINT** - Page 15